[50 NYS3d 536]

In the Matter of MICHAEL L. GANGADEEN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 5, 2017

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*Thomas Torto*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated March 14, 2016. Following a hearing held on May 24, 2016, the Special Referee sustained the single charge. The Grievance Committee now moves to confirm the report of the Special Referee and for the imposition of such discipline as the Court deems just and appropriate. The respondent cross-moves to confirm so much of the report as sustained the charge, and to disaffirm the Special Referee's finding that the respondent "failed to express any remorse whatsoever" and that he would have been better off expressing remorse with regards to certain specified conduct. The respondent asks that the Court impose a suspension commensurate with the time elapsed under the order of immediate suspension.

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer based on his conviction of a serious crime, in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). On June 17, 2015, in the Supreme Court, Queens County, the respondent pleaded guilty to obstructing governmental administration in the second degree, in violation of Penal Law § 195.05, a class A misdemeanor. On June 22,

2015, he was sentenced to a one-year conditional discharge and directed to pay restitution in the sum of $20,000 and a DNA fee of $50.

Based on the uncontroverted evidence, and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In mitigation, the respondent asks that the Court consider the fact that, although charged with other more serious offenses, he pleaded guilty to obstructing governmental administration in the second degree, which was an added offense after the government, on the eve of trial, decided not to proceed, and instead, offered him an opportunity to plead to the lesser offense. At his plea allocution, the respondent merely stated, "I obstructed and interfered with an investigation of this matter." The respondent was directed to make restitution in the amount of $20,000, which he paid immediately. The respondent's character witness testified that the respondent had an "impeccable character" and that his reputation for truth and honesty in the legal community was "impeccable" as well.

As for the Special Referee's remark that the respondent showed no remorse whatsoever, the hearing transcript reveals that the respondent did say he was sorry, but it appeared that he was more sorry for himself and the humiliation that he has had to endure than sorry for any particular wrongdoing.

Under the totality of circumstances, we find that a suspension from the practice of law for one year is warranted, with credit for the time elapsed under the immediate suspension order.

ENG, P.J., RIVERA, DILLON, BALKIN and COHEN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent of confirming so much of the Special Referee's report as sustained the charge, and is otherwise denied; and it is further,

Ordered that the respondent, Michael L. Gangadeen, is suspended from the practice of law for a period of one year, with credit for the time elapsed under the decision and order on motion of this Court dated February 22, 2016 (2016 NY Slip Op 64861[U]), and continuing until further order of this Court. In any future application for reinstatement (see 22 NYCRR

691.11, 1240.16), the respondent shall furnish satisfactory proof that during that period he has (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Michael L. Gangadeen, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Michael L. Gangadeen, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Michael L. Gangadeen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).